IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**LARRY LUPOE,**

        **Plaintiff,**

v.                                           1:13-cv-3955-WSD

**UNKNOWN DEFENDANTS,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] ("R&R") recommending that this action be dismissed.

## I.  BACKGROUND

On November 26, 2013, Plaintiff Larry Lupoe ("Plaintiff"), then an inmate at the Clayton County Jail, proceeding *pro se*, filed this action alleging civil rights abuses. On December 13, 2013, Magistrate Judge Anand entered an order [2] (the "December 13th Order") requiring Plaintiff, within thirty (30) days, to either pay the Court's standard filing fee or submit an *in forma pauperis* ("IFP") application.

On February 14, 2014, Judge Anand issued his R&R recommending that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41.3

because Plaintiff failed to comply with the December 13th Order.  No objection has been filed.[1]

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

Local Rule 41.3 provides that a court "may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case[]."  LR 41.3 A, NDGa.

---

[1] The R&R was mailed to Plaintiff but returned to the Court as "not deliverable."

Plaintiff did not comply with the December 13th Order.  The Court agrees with the R&R that it is appropriate to dismiss this action for want of prosecution.[2]

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] is **ADOPTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 1st day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's failure to notify the Court of his current address has prevented the Court from being able to communicate with Plaintiff.  For this additional reason, dismissal without prejudice of Plaintiff's Complaint is warranted.  See LR 41.2 C ("The failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice.").